FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 MAY -2 AM 8:48

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No.: 1:07-mj-01058-CBS

IN RE: Extradition of
JAMES DANIEL MORGAN

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW, CERTIFICATION OF EXTRADITION AND ORDER OF COMMITMENT

---

Having reviewed and after consideration of the Complaint any and all evidence and argument at the hearing in the above-entitled case, the Court hereby enters the following Findings of Fact and Conclusions of Law in this matter; and, hereby CERTIFIES to the United States Secretary of State that the defendant can be extradited back to Canada.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The certified information provided by the Department of State and the Canadian government meets the elements for of extraditability.

1. <u>Authority of Court</u>. The district courts are clearly conferred with power and authority to determine extraditability. Magistrate judges may also make the determination, if permitted by a rule of the district court. The Court specifically finds that D.C.COLO.LCrR 57.1(b)(8) authorizes this determination in this case.

2. <u>Jurisdiction</u>. The Court finds and concludes that it has jurisdiction over the subject matter, resulting from a federal question posed by the statute. 18 U.S.C. § 3184. The Court also has personal jurisdiction over the fugitive, because he was found in the United States, and more particularly, within the State and District of Colorado.

1

3.  <u>Treaty in Full Force and Effect</u>. The Court finds and concludes that the Declaration of Keith Powell, II (attached to the Complaint) – an attorney with the Department of State – verifies that the extradition treaty between Canada and the United States is in full force and effect.

4.  <u>Charges and/or Convictions in Requesting State</u>. According to the Canadian government, the fugitive has been charged with first degree murder, an offense under Section 235 of the Criminal Code of Canada, carrying a mandatory penalty of life imprisonment.

The official records of the fugitive's charges for this crime are attached as part of the certified Request for Extradition from Canada, which Request is attached to the Complaint. After full and careful review, the Court finds that there is sufficient probable cause set forth in the aforementioned materiels supporting the defendant's extradition; and all of the materials meet the certifications required by the Treaty for consideration by the Court.

5.  <u>Crimes Covered by Treaty</u>.

The Treaty defines extraditable offenses as those punishable under the laws of both countries by imprisonment for more than one year or any greater punishment. The conduct in question is punishable in the United States – under 18 U.S.C. § 1111 (murder) – by more than one year imprisonment. In other words, the Treaty requires a determination of dual criminality. Under Section 235 of the Criminal Code of Canada, the crime of first degree murder is punishable by a mandatory penalty of life imprisonment. Under Title 18, United States Code, Section 1111, the crime of Murder in the United States is punishable by up to life imprisonment. Therefore, Murder is an extraditable offense under a dual-criminality analysis.

The Court finds and concludes that the crime of the extradition request is covered by the

Treaty.

6. <u>Identity of the Fugitive</u>.

The Court finds that the materials provided in the Complaint – including the description, photograph and fingerprints of the requested fugitive – match the defendant. The Court also finds that additional evidence presented, including testimony about the defendant's confession, further supports the finding that the requested fugitive is the defendant.

Having made these findings and conclusions, this Court hereby CERTIFIES to the United States Secretary of State, together with a copy of all testimony taken before this Court, in order that a warrant may issue upon the requisition of the proper authorities of Canada for the surrender of said that the defendant, James Daniel Morgan, according to the provisions of the Treaties between the United States of America and Canada.

It is further

ORDERED that James Daniel Morgan, is committed to the custody of the United States Marshal, or his authorized representative, to be confined to appropriate facilities and to remain until he is surrendered to Canada pursuant to applicable provisions of Treaty and law. It is further

ORDERED that the attorney for the United States shall obtain transcripts of all testimony presented before the Court and shall deliver forthwith the said transcripts of testimony to the

Clerk. The Clerk shall forward to the Secretary of State a copy of this Certification and Order together with transcripts of testimony and copies of documents received as evidence.

ENTERED this 30th day of April, 2008.

By the COURT:

/s/ Kathleen M. Tafoya
The Honorable Kathleen M. Tafoya
United States Magistrate Judge
District of Colorado